RECEIVED

JUL 1 0 2020

AT 8:30
WILLIAM T. WALSH    M
CLERK

DEMETRIUS MINOR
215 S. Burlington Rd.
Bridgeton NJ 08302

| | |
|---|---|
| DEMETRIUS MINOR | District Court of New Jersey |
| Plaintiff, | SUPERIOR COURT OF MERCER COUNTY |
| V. | LAW DIVISION |
| JOHN POWELL, in his official capacity as Administrator of South Woods State Prison | Docket No. |
| JIM HASS, in his official capacity as Policy Director | CIVIL ACTION |
| ALEXANDER SOLANIK, in his official capacity as Associate Administrator | VERIFIED COMPLAINT & REQUEST FOR INJUNCTION |
| MICHEAL BROWN, in his official capacity as Facility 3 Librian | |
| MARCUS HICKS, in his official capacity | |
| Jane & Jon Does. | |
| Defendants. | |

PURPOSE

CUE COLUMN

Defendants →

NOTES

New Jersey Department of Correction
Jim Hass (NJDOC)
Jennifer Malinowski, (NJDOC)
Marcus Hicks, (NJDOC)
John Powell, (SWSP)
Al Solanik, (SWSP)
Luz Torrez, (SWSP)
Librian Brown (SWSP)
Speneli ofc (SWSP)
Janaya Young (SWSP)
Harry Matush (SWSP)
'

Plaintiff, states her complaints as follows
Nature of Action

1. This is a civil rights action for Preliminary Injunctive relief, Permanent injunctive relief, declaratory relief, and damages for violations of the Law Against Discrimination and the state constitution's promise of equal protection, due Process, free expression, and Prohibition on cruel & unusual punishment. This action is brought by a woman who has been confined in mens Prisons since a child Juvenile. Her recent decision to announce her Transition to Prison staff has lead to sever verbal, harrassment, discrimination, and she continues to be treated differently than other women solely because she is transgender.

SUMMARY

DATE_____

PURPOSE_____

CUE COLUMN

NOTES

2. Plaintiff brings this action to enjoin Defendants from discriminating against her on the basis of her gender identity or expression and on the basis of her sex including, but not limited to: by housing her with heterosexual men and despite her stated and well-documented gender identity & exceptional vulnerbility as a woman, referring to her as male, using male pronouns to address her, refusing to allow her to work as a paralegal, refusing to allow her to continue her special education classes & teachings with a certified special educational solely because of her Gender identity & engagement in constitutionally protected activity Plaintiff also seeks compensatory and Punitive damages for the Defendant failure to follow their own policies & the federal mandate as well as for their continued retaliation & harrasment and for placing Plaintiff In Solitary confinement.

VENUE

Plaintiff moves before the District court for a order, regarding her 8th Amendment & 1st Amendment Claim

3. Venue is proper in Mercer county Pursuant to R 4:3-2(a). Although Plaintiff has been subjected to discrimination & harrasment in mens prison in Bridgeton NJ, the ultimate decision to treat her differently than other women because She is transgender was and continues to be made by the New Jersey Department of corrections. Supplemental Jurisdiction Is asserted on State claims.

SUMMARY

PURPOSE

| CUE COLUMN | NOTES |
|---|---|

## Parties

Plaintiff Demi Doe is a Woman who is being discriminated against for being transgender. At all relevant times to this suit, Defendants knew or should have known that Plaintiff is a Woman.

5. Defendant New Jersey Department of corrections (NJDoc) has its administrative headquarters on Whittlesey Rd in Trenton, New Jersey. NJDoc is a public entity amendable to suit under New Jersey law.

6. Defendant Marcus Hicks is A~~~~ Commission of the NJDoc.

7. Defendant Jim Hass, is responsible for being the Prison Rape Elimination Act compliance unit & has a official position as a director of or for Policy & Planing for NJDoc he is sued in his Offcial capacity

8. Defendant ~~~~ Jennifer Malinowski is The NJDoc Agency wide Policy & Planning commissioner & also apart of the PREA Compliance unit & RREA Accomodation unit /committee She is Suid in her official capacity

9. John Powell, is Administrator of Southwoods State Prison, (SWSP) Which is one of 13 main correctional facilties operated by NJDoc. Like other NJDoc facilities, ~~ SWSP is a Place of Public accommodation under NJ Law Against Discrimination

Administrator Powell is sued in his officicl capacity

DATE _____
PURPOSE _____

CUE COLUMN

NOTES

10   Defendant Alexander Solanik, is a associate Administrator at South Woods state Prison. Solanik has a duty to ensure all policies are being followed & that all accommodations pursuant to State & Federal law are being complied with. He is sued in his official capacity. ~~pursuant to~~

11   Defendant Luz Torres, is a Administrative assistant, She is responsible for investigating claims submitted to administration as well as American with disabilities Act. She is the ADA coordinator. She is sued in her official capacity.

12   Facility 3, Law Librarian (Mr. Brown, is responsible for ensuring Inmates at SWSP are being provided with Legal access in accordance with New Jersey Administrative Code (NJAC) 10A:6. He is sued in his official capacity

13   Defendant Spenill is a correctional officer, assigned to South Woods State Prison. He is a public officer & is sued in his official capacity

SUMMARY

PURPOSE

CUE COLUMN

NOTES

# FACTUAL ALLEGATIONS

14 Plaintiff Is a Transgender Woman

15 Plaintiff Was born in 1995. She was assigned the sex of male at birth but has identified Privately as Gender non-conforming since She was a child. Since 2017 she has Privately Identified as a female.

16 In 2019 Plaintiff began to inform her Administration of her decisions to live as a female. She requested Congruent Housing with other Transgende females or with Gender Non conform Inmates.

17 6 Months later Plaintiff was Diagnosed by facility staff with Gender Dysphoria. Gender Dysphoria, is the medical diagnosis given to Individuals whose gender identity - a person's innate sense of belonging to a particular gender - differs from the sex they were assigned at birth, causing clinically significant distress. Gender dysphoria is included in the most recent DSM (Fifth ed, 2013) (DSM-V) and is recognized by the other major medical and mental health professional groups, including the American Medical Association and the American Psychological Association. Ms. Minor's current medical records reflect a diagnosis of gender dysphoria in line with DSM-V.

SUMMARY

DATE_____

PURPOSE_____

| CUE COLUMN | NOTES |
|---|---|

NOTES

⑩ Prior to &~

Since her diagnosis in 2020 Ms. Minor has continued to express her self a Woman & has continued to seek treatment for her Gender dysphoria including but not limited to hormone therapy & Gender affirming items as well as Gender Affirming Surgery

⑪ Prior to her incarceration Plaintiff suffered from years of Abuse in the dyfs system & from foster homes with substandard conditions. Plaintiff is a surviver of sexual abuse as well as Physical abuse.

⑫ Be Well while Incarcerated Plaintiff has been soxist reported being raped & sexually abused as a Juvenile confined to the adult Prison system.

⑬ Because of the constant abuse & the rape that occured Plaintiff chose to act force Masculine changing the way he walked, talked & acted Solely to avoid being assaulted again.

⑭ During Plaintiff's time of appearing masculine She indeed Identified as a female.

⑮ Plaintiff in 2019 begun to suffer from distress & self Hatred from hiding who she was. She finally told her mental health Clinician that she Identified as a Woman & Indeed Would be a Woman. Plaintiff explained how prison was a dangerous place to reveal such information & as such She did not want to anyone to know

SUMMARY

PURPOSE

CUE COLUMN

NOTES

(16) During this time plaintiff was not aware of any Policy, directive or Memo regarding accomodations being made to Transgender Woman.

South Woods state Prison is a Public entity bound by Prison Rape Elimination Act, Law Against Discrimination & the ADA. Plaintiffs medical records since 2019 have her marked as Transgender, & has her recent diagnosis listed on them as well her Vulnerbility.

(17) From NJDOC's own records, Plaintiff's self-reporting, and Plaintiffs numerous Grivances NJDoc and its staff knew or should have known that Plaintiff is a Woman. Nevertheless Defendants have consistently and continually treated Plaintiff like a man because she was assigned the sex of male at birth. Even denying her requests for accomodations for congruent housing with other Transgender Women.

(18) Plaintiff has been consistently misgendered. Most obvious, Defendants have continuosly confined her in the cell with Men, despite her stated and well documented female gender. In additionally, Defendants and other NJDoc & SWSP staff consistently refer to Ms. Doe using male pronouns. NJDoc list her

(19) At times, Defendants speak & other staff have told Plaintiff she is a man & will not be treated differently especially when refering to her using pronouns.

SUMMARY

PURPOSE_____

CUE COLUMN

NOTES

**(20)** Plaintiff has been denied female Commissary items such as Lever soap, female under garments & other Items *such as Make-up* which are availible at Edna Mahan Correctional ~~Facod~~ Facility for Women. Plaintiff has also been unable to choose gender affirming Items / submitt for review & consideration Items which she beliefs to be Gender affirming.

**(21)** All females in the state of New Jersey are Permitted to order from the Edna Mahan Commissary list, Plaintiff has been denied such opportunity solely because she is Transgender Instead Defendant Hass, Solanik & Powell have decided What Items will make Plaintiff feel more in line with her Gender Identity.

In January 2020 Defendant Solanik recieved a request & others from Plaintiff requesting to be housed with another gender non-conforming Inmate or Transgender.

**(22)** Defendant Solanik through his disgnee denied ~~the~~ Plaintiff's request for such accommodation Defendant Solanik also called Mental health & requested to know what was Ms Minor Identifying as. Plaintiff confirmed that she Indeed Was Transgender.

**(23)** Plaintiff filed Several Grivances requesting accomodations considering the fact that she ~~was~~ is transgender.

SUMMARY

PURPOSE

CUE COLUMN

NOTES

24) As a result of Defendants refusal to honor Plaintiff's request for congruent housing in a female facility & provide her with the Policy for treatment / accomendations for Transgender Inmates Plaintiff suffered constant humiliation harrassment & targetting by her cell mates these actions exacerbated her mental health disorder causing her emotional distress anguish & humiliation.

25) Defendants had a duty to implement policies that did not discriminate against Plaintiff for being Transgender.

26) Defendants were on notice about the harm & risk that Transgenders face via their rigorous training & meetings regarding Prison Rape Elimination Act (PREA)

27) Plaintiff's EMR categorizes her PREA status as "Victim" It notes plaintiff has reported symptoms that may indicate sexual victimization either currently or in the past, that she has reported a history of prior Institutional violance or sexual abuse, and that she has reported being particularly vulnerable to victimization while Incarcerated.

28) Despite the notations on her EMR & her purported designation for PREA monitoring Defendants still have placed Plaintiff in the cell with cis-gender Inmates who harrass her & excebate her Gender dysphoria; In addition Defendants have not taken Plaintiffs own views of safety into consideration & have repeate Ignored Plaintiff's request for accommodation due to her disability.

SUMMARY

PURPOSE

CUE COLUMN

NOTES

**29** Defendants, have failed to train staff on how to work with transgenders including but not limiting to using the preferred Pronouns of Transgender Inmates.

Despite Defendants Policy, staff have refused to follow such Directives subsequently Subjecting Plaintiff to emotional & Physical Harm

**30** Defendants have failed to establish Policy that explains how Transgender Inmates will be ~~searched~~ Strip Search.

**31** ~~From their confinement~~ At South Woods State Prison Plaintiff has been exposed to constant harassment while ~~so~~ In Solitary Inmates shouted "Yo its a he/she" Up here. Ayo why they call "It" she and her.

**32** These derogatory & harassing statements were made to Plaintiff when mental health stopped by & respectfully asked Plaintiff What pronouns did she prefer.

**33** Plaintiff on 1-29-20 Plaintiff reported to Prison Investigators that she had been threatened & sexually harassed by another Inmate. This Inmate, ^detailed how he wanted to have sex with Plaintiff, the letter described sexual acts to Wisted to perform on Plaintiff. Plaintiffs admission only led to retaliation from the Investigators who later Issued disciplinary Charges to Plaintiff for making a 3-Way call which Plaintiff admitted to doing When she was questioned about letters she authored.

**34** Defendants allow the harassment of Trans woman to go on unchecked & with Impunity.

SUMMARY

DATE_____

PURPOSE_____

CUE COLUMN

NOTES

(33) These incidents along with her incongruent housing make Plaintiff fear for her safety & exacerbates her gender dysphoria

**The extreme vulnerability of Transgender Women in Men's Prisons**

(36) It is well documented that transgender prisoners, in particular women who are transgender, face exceptional hardship in prison in general. Women who are transgender and incarcerated in men's facilities are especially vulnerable to physical and sexual assault, self-harm, and lasting psychological trauma and emotional distress. According to the U.S. Department of Justice, nearly 40 percent of transgender prisoners in state and federal prisons experience sexual victimization, a rate ten times higher than that for prisoners in general.

(37) The National Commission on Correctional Health Care (NCCHC) has warned that "transgender people face an array of risk to their health & well-being during incarceration, and are often targets of physical assault and emotional abuse." The NCCHC) recognizes that transgender prisoners are "commonly placed in correctional facilities according to their genitals and/or sex assigned at birth, regardless of their gender presentation" and that the "health risk of overlooking the particular needs of Transgender inmates [are] sever []

SUMMARY

PURPOSE_____

CUE COLUMN

NOTES

(38) When confined incongruously with their gender identity, transgender prisoners are often "singled out" as targets of harassment and abuse. In a national survey, 21 percent of transgender women confined in men's facility reported suffering physical abuse in prison and 20 percent reported sexual violence.

(39) In 2012, the U.S. Department of Justice's final regulation implementing PREA recognized the extreme vulnerability of transgender prisoners and detainees. The regulations require individualized assessments when determining whether to house transgender prisoners in men's or women's facilities; prevent cross-gender searches; incorporating the unique vulnerabilities of transgender prisoners into training and screening protocols; ensure transgender prisoners can shower, change clothing, and use the bathroom without improper viewing by prisoners and staff of the opposite gender; and restrict the use of protective custody in conditions of solitary confinement for vulnerable prisoners.

   NJDOC's Policies & Practices Regarding Transgender Prisoners

(40) Pursuant to PREA, the NJDOC implemented a policy on Transgender/Intersex Inmates, PCS.001.006, effective September 1 2016 and revised December 15, 2018. Policy PCS.001.006 was

SUMMARY

PURPOSE

| CUE COLUMN | NOTES |
|---|---|

41) PCS.001.006 (VI)(D) provides that "[T]he gender identity of transgender/intersex inmates will be respected by addressing transgender/ intersex inmates in gender neutral terms both in person and in written reports... Staff shall conduct searches of inmates, including trans- gender or Intersex inmates, in a professional and respectful manner, and in the least intrusive manner possible, consistent with security need."

42) PCS.001.006 (VI)(H)-(I) allows transgender Prisoners to "be issued, purchase, and retain undergarments associated with the identified gender" and to "request to retain personal property associated with the identified gender[,] which request "will be processed by the Institutional Compliance Manager." PCS.001.006 (VI)(A)(i) specifies that "PREA Institutional Compliance Managers" receive a weekly list of inmates identified as Transgender/Intersex Inmates as OIT's PREA Management e-mails.

43) Presumably pursuant to this policy, Plaintiff's EMR indicates that she is subject to PREA monitoring and notes in a Yes/no fashion her vulnerability to victimization. These notations are not regularly reevaluated or updated through meaningful, individualized assessments of Transgender

SUMMARY

PURPOSE

CUE COLUMN

NOTES

44 Prisoners' vulnerability to assault or other violence. The Policy contains no provisions related to any such individualized assessment of vulnerability or risk. Instead, the entire section entitled "Inmate safety," PCS.001.006 (VI)(G), reads as follows: "As with all inmates committed to the custody of the NJDOC, If concerns regarding a transgender/Intersex inmate's safety are reported, all effective Policies that govern inmate safety are to be implemented."

45 PCS.001.006(VI)(C) provides a process by which "an Inmate [can] request [] Correctional facility housing based on a gender identity that differs from the Inmat's sex.

46 The Policy lays out various factors many which are inappropriate & highly discriminator including but not limited to current gender expression, mental health Information, criminal history, medical history, likelihood of Perpetrating abuse.

47 Plaintiff, was denied congruent housing with another Transgender inmate in February 2020 When the facility stated that because of the other Inmates charge Plaintiff could not be housed with another Transgender inmate. Considering this Its likely that NJDOC is using irrelevant Information to discriminate against Trans Inmate

SUMMARY

PURPOSE

CUE COLUMN

NOTES

48) The policy does not set out timelines, reviewing or appeal procedures, nor does it specify how the process applies when the prisoner has already been improperly classified and confined at a facility not matching her gender Identity.

49) Absent from the Policy is also any process for Inmates to request congruent housing while incongruently housed in their facility. Plaintiff has requested to be considered for congruent housing with other Transgender Inmates & instead she has constantly been housed with cisgender Inmates many of whom have threatened her.

50) Despite its formal Policy, upon information and belief, Defendants including NJDOC's Practices has been and continue to be to house prisoners according to their genitalia only. No consideration is given to an Inmates gender Identity.

51) Upon Information & belief all women who have Penises are assigned to Male Prisons without any access to congruent housing policy or procedures. upon Information & belief, Defendants have failed To implement their policy in the inmate handbooks, in addition the formal Policy & related forms are not availble to Inmates.

52) upon Information & belief, a significant number of women who are transgender are currently in NJDOC custody but the NJDOC

SUMMARY

PURPOSE

CUE COLUMN

NOTES

continues to treat those women as "male" and to withhold the formal policy from the inmates subsequently causing inmates to be unaware that such a policy exist.

53) In December of 2014, Defendant NJDOC Implemented a New Policy PCS.001.T6T.01 Plaintiff & others have not been told about this policy & the policy in practice does not exist.

54) The Policy PCS.001.T6T.01 was Reviewed & approved by Suzanne Lawrence; The policy was suppose to apply to all units of the NJDOC, Including South Woods State Prison

55) Just as PCS.001.006 the policy encourages NJDOC and other prisons, to discriminate against Transgenders such as Plaintiff based on various factors such as but not limited to medical & mental health Information. As well as Surgeries. This information is than used to decide weather or not facility transfers will be done.

56) Within NJDOC's Policy Defendants Hass & Malinowski have created PREA Accommodation Committee (PAC) which also engages in Discrimination based on gender stereo-types & on Plaintiffs Disability.

57) Although this Policy has been in effect since 12/15/19, Defendants Powell, Solanik & Hass has failed to enforce it.

SUMMARY

unless the court enjoins Defendants from continuing to discriminate against Plaintiff ~~does~~ on the basis of her gender identity and expression, she will suffer irreparable harm.

VIOLATION OF Article 1 (Equal Protection)
Paragraph 1 of The NJ Constitution (Equal Protection)

58) By treating Plaintiff differently than other women in NJDOC custody, inter alia by consistently misgendering her, by refusing to house her congruently with her gender Identity & at Women's Prison, by denying her access to female undergarments and commissary items and, and by otherwise discriminating against Plaintiff because she is Transgender, Defendants deprived her of equal protection of the law.

59) Despite numerous meetings with Defendant Hass & others Plaintiff has not received female comissary items, classification hearing or a determination with regards to her request.

60) As a direct result & proximal result of defendants' actions, Plaintiff has already suffered extensive injury and is entitled to compensatory damages.

61) Plaintiff asserts that her right to live freely as a woman as well as her right to express her self freely as a woman.

62) Defendants continued misgendering & solely housing her incongruently with other male inmates has thwarted Plaintiffs right to live in line with her gender identity & expression.

63) Defendants have created policy such as PCS 001.TGI.01 & have ~~forced to~~ used it to justify retaliating against Plaintiff.

64) Defendants Powell & Solanik have removed Plaintiff from his educational Program & replaced it with a program that is substandard. Under Plaintiffs settlement agreement with Defendant NJDOC Plaintiff was going to receive compensatory education

for 2 years, these 2 years were to be guided
by the NJDOC's educational section. Plaintiff
completed year 1 of her education classes &
was beginning year 2 when Defendant Solanik
& Powell refused to place her back in a
setting where she could benefit from the
settlement.

65) As a direct result of Defendant Solanik,
Powell & Hass Plaintiff has been deprived
of the settlement agreement's benefit.

66) Defendants have also engaged in Discrimatory
Pratices & have used discrimatory information
when housing Transgender Inmates.

67) Plaintiff has repeatedly made request to be
removed from single cell occupancy & placed
back into double cell occupancy on a unit
where she feels safe.

68) Plaintiffs request have been ignored & as a
result she has been left in a environment
where she fears threat or physical harm is imminent.
Plaintiff has been removed from her job detail
simply for being Transgender & requesting accomodations

69) Deffendants Solanik, Hass, Malinowski and
Jane & John Doe's have failed to protect Plaintiff
from emotional distress, sexual harrassment, humiliation.
Defendants had a Constitutional obligation to
protect Plaintiff from conditions posing substantial
risk of harm, Including extreme harrassment
& misgendering as well as Discrimiation.

70) Defendants being on notice that Plaintiff
is a woman, failed to perform a sufficient or
meaningful individulized assessment or Plaintiff's risk
of assault, her views of her own safety were
not taken into account and/or repeatedly ignored
and, despite the notation of her risk in her
EMR & purported designation for PREA

monitoring, sufficient or meaningful precautions were not taken to prevent her from harassment & distress, despite the obviousness of the risk.

71) When Plaintiff was released from solitary She began experiencing extreme panic attacks & flash backs, that made it difficult for her to sleep, eat & enjoy life.

72) Plaintiff was placed in the cell with a older Inmate Who tried to help her but also harrassed her about her gender Identity. Plaintiff feared that She would be sexually and physically assault. Yet because of the practice of NJDOC to place Inmates In solitary who did not feel safe Plaintiff did not tell anyone.

73) Inmates on plaintiffs unit have threatened her & made sexually lewd comments to her; Defendants Solank Powell & Hass have left Plaintiff alone in a double occupency cell causing her more humiliation & subsequently excerbating her PTSD.

74) Plaintiff explained that her request to be housed alone was in effort to gain safety & at the present time she does not feel safe being housed alone.

75) Defendants, Powell, Solank & John Jane Does have mocked Plaintiff alleging that "this is what you wanted well now you are getting It". Plaintiff contends that the current conditions are excerbating her mental health.

76) Unless the Court enjoins Defendants from ~~Supplemental Jurisdiction~~ continuing to subject Plaintiff to or otherwise allow these conditions of confinement, she will suffer Irreparable harm. That amounts to cruel & unusual punishment.

   Violation of Article I, Paragraphs 1, 6 & 18 of the New Jersey constitution
   (brought directly under the NJ constitution & Pursued to N.J.S.A 10:6-2(C))

**Supplemental Jurisdiction claim**

The allegations of the preceding paragraphs are incorporated as if fully set forth.

(77) Article 1, Paragraph 6 of the New Jersey constitution provides "Every person may freely write & publish his sentiments on all subjects..." and "No law shall be passed to restrain or abridge the liberty of speech..."

(78) Under Article I, Paragraph 1 of the NJ Constitution, Plaintiff has a constitutional right to live in line with her gender identity & expression and therefore live freely as a Woman

(80) Plaintiff has a constitutional right to speak freely about her gender identity and expression and to petition Defendants, formally or informally, to treat her like a Woman, Including but not limited to requesting congruent housing with other females correcting NJDOC staff when the use incorrect Pronouns for her, and stating her Intention to file a grievance about misconduct related to her treatment as a Woman who is transgender.

(81) Defendants have a constitutional duty not to retaliate against Plaintiff for the exercise of her rights under Article I, Paragraphs 1, 6 or 18.

(89) Because Plaintiff sought to live in line with her gender Identity & expression, spoke freely about her gender Identity & expression, and petitioned Defendants to treat her as a Woman, she suffered numerous adverse actions, Including but not limited to Numerous Threats from officers & Inmates, Conditions of Prolonged Solitary, loss of her Paralegal Job detail and reduction in her educational Settlement Program & other Privileges. Plaintiff constitutionally protected conduct was a Substantial or Motivating factor in Defendants' decision to take these adverse actions.

99) In addition to the missing property the words "FAG#T" & "Two dildos" were labled on Plaintiffs Property. Plaintiff immediately filed a complaint with SID.

100) Plaintiffs Property as of date is missing & she is with out any of the Items or refund.

101) Defendants have violated Plaintiffs rights under New Jersey Law against Discrimination (NJLAD).

102) Defendants willfully violated Plaintiff rights under the New Jersey tort claim provision.

103) Plaintiff has been deprived of her property & Provided with a property claim process that Provides her with substandard results.

104) While Plaintiff has been housed on Facility 3 she has been harrased by Defendants Spenili & Bohn who have frighten her, deprived her of legal access & denied her legal Telephone calls.

105) These deprivations have been solely because of her Gender Identity & Gender expression.

106) Plaintiff has attempted to request through Defendant Powell, Solinik & others such as Hass & Malinowski to be sent back to Where she was Prior to her non-punitive removal from the General population.

107) Defendants Solanik & Powell have failed to comply with Departmental Policies & as a direct result they have exposed Plaintiff to harrassment abuse & emotional distress.

108) Defendants Solank & Powell have Discriminated against Plaintiff by removing Plaintiff from her Job detail, taking Plaintiff's Property Placing Plaintiff on a facility (Phase 2) Where she does not feel safe & continues to struggle mentally.

109) Because of Defendants actions Plaintiff has suffered sever mental health issues. Defendants were motivated by Plaintiff's Gender Identity & complaints about Defendant Hass & Malinowski Policy

(90) Plaintiff after being realesed from solitary & being placed in the Hostile environment, has suffered increased anxiety, nervousness, diminished impulse control & depression.

(91) These symptoms will reek havoc on Plaintiffs mental health & diabetic conditions.

(92) Plaintiff's has been diagnosed with Gender dysphoria, & is more fearful for her safety

(93) Plaintiffs experience in isolation - seperately & together with the fact that she has had her property stolen, lost her job & has had her special educational classes stoped or reduced as well as the retaliation - caused her pain, suffering, emotional distress, fear, anguish, and humiliation.

(94) Defendants Hass Malinowski & Solanik & Powell have still not provided the Plaintiff with a classification hearing; as a result Defendants have continued to not hear plaintiffs concerns for her safety.

(95) By refusing to permit Plaintiff to retain her job as a Law Library worker solely because she is Transgender, Defendants have violated the Law Against Discrimination.

(96) By Additionally refusing entry of Transgender women to Edna Mahan Correctional Facility for women, Defendants have violated Law against Discrimination.

(97) Defendants' acts or omissions were motivated by actual malice or accompanied by a wanton and willful disregard of individuals who foreseeably might be harmed by those acts or omissions

(98) As a direct and proximal result of defendants actions, plaintiff has already suffered extensive injury and suffered is entitled to compensatory damages. She is also entitled to punitive damages based on defendants' egregious conduct

110) As a result of Defendant Powell, Hass, Solanik & Malinowski failing to ensure compliance with Prea was being met Plaintiff has suffered sever retaliation & abuse.

111) Defendant Hass had a duty to Plaintiff to ensure that the treatment she was receiving was in compliance with Prea & PCS.001.T6I.01.

112) Plaintiff has suffered emotional distress & her mental health/medical conditions are being excorbated. Plaintiff suffers from PTSD & Gender Dysphoria which has been excorbated by the current conditions that Plaintiff has been subjected to.

113) Defendant Solanik & Powell, have retaliated against Plaintiff for filing grievances & seeking redress.

114) Plaintiff worked as a Facility 1 paralegal for 2 years without incident, however as plaintiff begun to pursue her transition & Gender Identity Defendants Solanik, Powell & Jane John Does begun to place her in dangerous settings where she suffered verbal abuse & threats & harrasment.

115) Plaintiff repeatedly asked for a accommodation to be removed from being placed with inmates who targetted her solely because of her gender Identity.

116) Defendants Solanik have continued to blame the lack of Policy & Defendants Hass & Malinowski for not moving Plaintiff.

117) As a direct result Plaintiff has suffered retaliation, abuse, humiliation & discrimination.

118) Plaintiff has suffered & will continue to suffer without proper relief.

119) On 1-27-20 Plaintiff was placed in isolated confinement, the placement was authorized by Defendant Solanik on 1-27-20.

(120) Defendant Solanik permitted Plaintiff to be Deprived of her Property. Despite the Department Policy Which Defines ~~Temprop~~ Temporary close Custody as a the Non-Punitive removal of a Inmate from General Population. With in the Policy Inmates are permitted to have their property defendants Intentionally deprived Plaintiff of her property.

(121)   For over 80 hours Plaintiff was deprived of her Property, Placed in a cell With out any Clothes & deprived of the opportunity to shower. Plaintiff suffered nightmares, Panic attacks & humiliation.

(122)   When Plaintiff was saw by mental Health she was Crying & feeling depressed she was also without any reading or writing material. Defendants Powell & Solanik were aware of the conditions that she faced While in Solitary & failed to intervene.

(123)   Plaintiff While in solitary explained her Night mares & the constant Panic attacks that Were happening she explained that she was also beginning to hate her self. Plaintiff was Perscribed medication by Dr. Berge for PTSD symtoms.

(124)   On 1-30-20 Plaintiff was cleared to be released from ~~pended~~ TCC status & she was ~~retorn~~ sent to facility 3, Not facility 1 Where she was Prior to being Placed on TCC status. Plaintiff complied with all orders given to her & was assigned to unit 52R without Incident.

(125)   Upon her arrival Plaintiffs property was given to her & she noticed all of her electronics were missing including but not limited to her $1,500 word processor, Television $200.00, walkman $29.00 floppy Disk containing all of her legal & Personal Documents.

126) As a direct & proximal result of Defendants retaliation, Plaintiff has already suffered extensive injury & is entitled to compensatory damages. She is also entitled to punitive damages based on Defendants egregious conduct.

127) Unless the court enjoins Defendants from continuing to retaliate against Plaintiff for being a woman & demanding she be treated like a woman, She will suffer irreparable harm.

## Due Process Violations

*Supplementary Jurisdiction*

128) Defendant NJDOC, commissioner Hicks, Powell, Solank, Malinowski, Hass & Jane John Doe deprived Plaintiff of procedural due process, in violation of the NJ constitution.

129) Defendants knew or should have known that Plaintiff is transgender and therefore subject to PCS.001.006 & PCS.TGI.01 PCS.001 TGI.01 Policy on Transgender/Intersex Inmates, but never provided her with the policy or told her that she had any rights available pursuant to it to seek review of her placement & housing. She did not discover such a policy until she had to pray for it & even at that time she received a redacted copy of the policy missing various sections.

130) Despite Plaintiffs request, through the institutional grievance system to be placed back in a environment where she felt safe, to be considered for a female prison to have her views of safety taken into consideration. All her request have been ignored. Defendants have left her in a placement that has caused harms; harms that have been urgent, ongoing, & irreparable.

131) Defendants failed to transfer Plaintiff to a female prison, & Despite Plaintiffs alternative request Defendants refuse to house Plaintiff with other transgender Inmates.

132) Despite numerous meetings with the institutional
compliance manager, Defendant Hass, nothing has
come to show plaintiff that her safety & mental
health would be taken into consideration with regards
to her housing.

(133) Defendants after moving plaintiffs cell make
& replacing him with a huge bike gang inmate
decided to house plaintiff alone & alledged that it
was at her request.

(134) Plaintiff has explained that, her mental health
Disorder & other factors are making her not feel safe
alone, She has asked for consideration to be housed
with another female inmate.

(135) Defendants have ignored request & have constantly
Blamed other departments for their lack of policy.

(136) Defendants, refuse to follow the federal mandat of
PREA 115.242 & as a result Plaintiff has suffered
& been denied Due process

(137) WHEREFORE, Plaintiff request Judgement against Defendants as
followings:

(a) Immediate, Preliminary & Permanent injunctive relief, ordering
Defendants not to discriminate against Plaintiff on
the basis of Gender Identity & expression & her
Sex, Including but not limited to ordering them to
1) Treat Plaintiff the same as other women held by the NJDOC
2) Permit Plaintiffs to be considered & housed with other
Transgender females or ~~non-transgender inmates~~ In a female Prison
3) Use only female pronouns when speaking to or about Plaintiff
4) Provide Plaintiff access to all female undergarments
& female commissary items, Including Beauty Products
5) Train all NJDOC staff on how to appropriately
accommodate, treat and communicate with transgender
Prisoners and/or prisoners with Gender dysphoria

6) Ensure Plaintiff is provided meaningful opportunity for out-of-cell time of at least four or more hours or more per day, given her status as a member of a vulnerable population who should not be subject to isolated confinement; and

(b) Declaratory relief including, but not limited to, a declaration that defendants have violated:

1) The Law Against Discrimination by discriminating against Plaintiff on the basis of her gender identity & expression;

2) The law against Discrimination by discrimination against Plaintiff on the basis of her sex

3) The NJ constitution by treating Plaintiff differently than all other women in NJDOC;

4) The NJ constitution by failing to provide procedural due process to Plaintiff

5) The NJ constitution by retaliating against Plaintiff; and

6) the New Jersey constitution by failing to respect Plaintiff's right to live & express herself as a woman

(C) compensatory damages in an amount and form to be determined at trial, including but not limited to compensation for:

1) The period(s) during which plaintiff was confined to isolation without a shower & her property

2) Plaintiff's pain, suffering, emotional distress, anguish, and humiliation from being subjected to denied female undergarments and commissary items, being consistently verbally & sexually harassed & misgendered, and otherwise being treated differently than other women in NJDOC custody; and

3 Plaintiffs Stolen Property including her Word-Processor being stolen, radio, Television & other items;

4 Plaintiffs, Pain, suffering, emotional distress, fear, anguish, and humiliation from the Constant harrassment & Denial of Services/Programs

(d) Punitive damages on all claims allowed by law, in an amount to be determined at trial;

(e) For Prejudgement interest at the maximum rate, Pursuant to applicable law;

(ff) Any further relief as this court deems Just & Proper

Dated: March 1, 2020
JULY 5, 2020

Demetrius Minor, Pro se

## JURY DEMAND
Plaintiff demands trail by Jury

## CERTIFICATION PURSUANT R. 4:5-1
Plaintiff certifies that other than a 1st Amendment retaliation law suit against a sergeant in the District court, there are no other Parties that should be made aware of this law suit. Plaintiff recognizes the continuing obligation to file & serve on all Parties & the court an amended certification if there is a change in the facts stated in this original certification

Dated   March 1 2020

Demetrius Minor, Pro se

## VERIFICATION
Demetrius Minor, Pro se
I, Demetrius Minor, hereby affirm under Perjury that the statements Contained in the forgoing complaint are, true.

Dated: March 1, 2020

Demetrius Minor, Pro se